UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Beth A. McGee,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:15–cv–894

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

Plaintiff objects to Magistrate Judge Jolson's Report and Recommendation ("R&R") recommending the Court affirm the decision of the Commissioner of Social Security in this social security case. ECF No. 23. For the following reasons, the Court overrules Plaintiff's objections and adopts the R&R, ECF No. 22.

### I. STANDARD OF REVIEW

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

### II. ANALYSIS

Plaintiff fails to separately enumerate her objections to the R&R. However, upon review of her filing, she appears to make the following timely objections: (1) the Magistrate Judge should have found that Plaintiff's lupus-related symptoms satisfy

Listing 14.02A; and (2) the Magistrate Judge "incorrectly found the ALJ was not required to obtain a medical expert" to review Plaintiff's medical evidence, including records from the Mayo Clinic and a report from a non-treating doctor, Dr. Cholak. Obj., ECF No. 23 at 610–11.

The Commissioner responds that "Plaintiff has raised nothing novel in her objection, the Magistrate Judge's decision directly addressed her concerns." Resp., ECF No. 24 at PAGEID 614. Therefore, the Commissioner "has no response" to the objections. *Id.*

The Court considers each of Plaintiff's objections in turn.

### A. Objection 1

In objection #1, Plaintiff argues that the Magistrate Judge should have found that Plaintiff's lupus satisfies Listing 14.02A because, according to a questionnaire completed by a non-treating physician Dr. George Cholak, it has caused a major organ, her skin, to develop "extreme photosensitivity which is well documented throughout the record." Obj., ECF No. 23 at PAGE ID 610–11. She argues that she also demonstrated a history of lupus-related weight loss, lack of stamina, and depression. *Id.* at PAGEID 611. She concludes that "[a]ll these symptoms together meet the Listing 14.02A requirements." *Id.*

With respect to lupus, Listing 14.02(A) provides:

> 14.02 Systemic lupus erythematosus. As described in 14.00D1 with:
>
> A. Involvement of two or more organs/body systems, with:

> 1. One of the organs/body systems involved to at least a moderate level of severity; and
>
> 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

20 C.F.R. § 404, Subpt. P, App. 1.

Pursuant to 42 U.S.C. § 405(g), judicial review is limited to determining whether the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and employed the proper legal standards. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.* (quotations omitted).

Here, Plaintiff first claimed that her lupus constituted a disability and entitled her to social security benefits on September 6, 2011. (Admin. Record, ECF No. 10 at PAGEID 144.) At that time, the ALJ reviewed the medical record as a whole and concluded that Plaintiff's lupus was not severe. *Id.* In a January 25, 2012 opinion, the ALJ found that Plaintiff's "mild symptoms of anxiety and depression" did not affect her ability to function socially or complete tasks. *Id.* at PAGEID 162. In addition, the ALJ found that Plaintiff's weight loss was not "severe." *Id.* The ALJ noted that Plaintiff's recent medical examinations "were normal with no complaints of lupus related symptoms or limitations." *Id.* As a result, the ALJ found that Plaintiff's "condition is not so severe" as to have prevented Plaintiff from doing most of her usual activities, "including working." *Id.* at PAGEID 163.

Upon Plaintiff's request for reconsideration, the ALJ had the claim "independently reviewed by a physician and disability examiner in the State agency." *Id.* at PAGEID 186. Based on this second review, the ALJ found that the "previous determination denying [Plaintiff's] claim was proper under the law." *Id.*

Thereafter, Plaintiff requested and received a hearing on October 24, 2013. At the hearing, Dr. Larry Ostrovski, a vocational expert, testified that Plaintiff had held a number of sedentary and "light" jobs in the past, including file clerk, receptionist, date entry clerk, sales representative, and telephone operator. *Id.* at PAGEID 124. Dr. Ostrovksi believed that an individual capable of "light exertional" work would be able to function in any of those positions, and an individual capable of only "sedentary" work would be able to function as a receptionist, telephone operator, or data entry clerk. *Id.* at PAGEID 125–27.

On November 19, 2013, the ALJ considered the hearing testimony and all of the lupus-related medical evidence in the record, including newly-submitted records from Mayo Clinic and Dr. Cholak's questionnaire, and issued another unfavorable opinion on Plaintiff's disability claim. *Id.* at PAGEID 75.

The ALJ granted "very little weight" to Dr. Cholak's questionnaire, which reported lupus-induced "aches, weaknesses, anxiety, and depression" as well as "fatigue, fever, malaise, and weight loss." *Id.* at PAGEID 82. In so doing, the ALJ noted that Dr. Cholak "is not one of the [Plaintiff's] treating physicians" and there was "no evidence" that he had ever examined Plaintiff. *Id.* Instead, Dr. Cholak's questionnaire was based solely on the Mayo Clinic records. The ALJ found that the

records themselves did not support Dr. Cholak's findings or provide "any significant medical evidence to support the severity of the complaints." *Id.*

With respect to Plaintiff's alleged lupus-induced photosentivity of the skin, the ALJ found that "the objective medical evidence of record fails to support [Plaintiff's] allegations." *Id.* at PAGEID 84. Plaintiff's dermatology records indicated that her skin irritation was eased with sunblock and, when flares-ups did occasionally occur, they were short-lived and healed well. *Id.*

With respect to Plaintiff's anxiety and depression, the ALJ gave "significant weight" to the State agency consultant's mental assessments and "great" weight to an in-person psychological consultive examination, both of which found that the impairments "did not cause more than minimal limitation in the [Plaintiff's] ability to perform basic work activities." *Id.* at 81.

The ALJ also reviewed statements from Plaintiff regarding her daily activities and physical abilities. Plaintiff indicated that she was able to take care of her pets, attend to her personal hygiene, prepare meals, wash dishes, fold clothes, dust, shop, garden, and volunteer. *Id.* at PAGEID 86. Her abilities were, therefore, "not limited to the extent one would expect, given her complaints of disabling symptoms and limitations." *Id.* at PAGEID 85–86. In particular, the ALJ noted that Plaintiff was in roughly the same physical condition as when she was layed-off from her most recent job. *Id.* at PAGEID 86. "A reasonable inference, therefore, is that [Plaintiff's] impairments would not prevent the performance of that job, since it was being performed at the time of the layoff despite a similar medical condition." *Id.*

In summary, the ALJ found that Plaintiff's lupus did not satisfy Listing 4.02A and that she retained "the ability to perform light work," with some limitations. *Id.*

Given the record, the Court finds that the ALJ's findings are supported by substantial evidence and employed the proper legal standards. The ALJ properly reviewed and weighed Plaintiff's entire medical record. The ALJ also accurately recounted hearing testimony from both Plaintiff herself and an occupational expert. The ALJ's decision is further buttressed by Plaintiff's own representations regarding her significant physical abilities. *Id.* at PAGEID 86. "[A] lack of physical restrictions constitutes substantial evidence for a finding of non-disability." *Longworth*, 402 F.3d at 596 (quoting *Maher v. Sec'y of Health and Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1989)).

Accordingly, the Magistrate Judge did not err in upholding the ALJ's determination that Plaintiff is not disabled and, more specifically, does not satisfy Listing 14.02A.

**B. Objection 2**

In objection #2, Plaintiff argues that the Magistrate Judge "incorrectly found the ALJ was not required to obtain a medical expert" to independently review her new medical evidence: the Mayo Clinic records and the questionnaire of non-treating physician Dr. Cholak. Obj., ECF No. 23 at PAIGEID 611. She argues that "additional medical review was necessary for an accurate assessment of [Plaintiff's] Listing qualifications." *Id.*

While Plaintiff cites no authority for her contention that the ALJ was required to obtain a medical expert, the Magistrate Judge correctly sets out the law in her R&R:

> SSR 96-6p, in relevant part, requires an ALJ to obtain an updated medical opinion "[w]hen additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." An ALJ enjoys "substantial discretion" in determining if new evidence needs to be evaluated by a medical expert. *Primmer v. Comm'r of Soc. Sec.*, No. 2:14-cv-2245, 2015 WL 7294539, at *7 (S.D. Ohio Nov. 19, 2015). Stated differently, S SSR 96-6p "explicitly grants the ALJ the discretion to determine whether the newly-submitted evidence so changes the landscape of the claimant's impairments that an expert could now find them to medically equal a listing." *Id.* (quoting *Johnson v. Comm'r of Soc. Sec.*, No. 13-11658, 2014 WL 4798963, at *8 (E.D. Mich. Sept. 26, 2014)). The ALJ is not required to make an explicit determination as to whether the new evidence requires an updated medical opinion. *See, e.g., Johnson*, 2014 WL 4798963, at *9 ("The record substantially supports the ALJ's implicit determination that an updated medical determination is not required . . . ." (footnote omitted)).

R&R, ECF No. 22 at PAGEID 607.

Here, the ALJ examined the "additional medical evidence" identified by the Plaintiff—the Mayo Clinic records and Dr. Cholak's questionnaire—and determined that there was no need for an updated medical opinion. This Court has independently reviewed the records and agrees that Plaintiff has not, and cannot, establish that these records "so change[ ] the landscape of the claimant's impairments that an expert could now find them to medically equal a listing." *Primmer*, 2015 WL 7294539, at *7. This is particularly true because the ALJ granted Dr. Cholak's questionnaire very little weight and found that it was unsupported by

the rest of the medical evidence, including the Mayo Clinic records. Admin. Record, ECF No. 109 at PAGEID 82.

Accordingly, the Magistrate Judge did not err in upholding the ALJ's determination.

## III. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the R&R. The Clerk shall enter final judgment in favor of Defendant and terminate the case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT